# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 19-10743 PA (Ex) | Date | January 8, 2020 |
|---|---|---|---|
| Title | Catherine Golden v. Michaels Stores, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:** IN CHAMBERS — COURT ORDER

On December 23, 2019, defendant Michaels Stores, Inc. ("Defendant") filed a Notice of Removal, attempting to remove this case from the Los Angeles County Superior Court. (Dkt. No. 3.) On December 30, 2019, the Court issued an order provisionally remanding this action to the Los Angeles County Superior Court as a result of procedural defects in Defendant's Notice of Removal. (Dkt. No. 10.) The Court noted that to remove an action from state to federal court, a defendant must file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." See 28 U.S.C. § 1446(b)(1). Defendant's Notice of Removal states plaintiff Catherine Golden ("Plaintiff") served Defendant with a Statement of Damages on November 20, 2019, which first put Defendant on notice that the amount in controversy in this action exceeds the $75,000 jurisdiction limit established by 28 U.S.C. § 1332(a). The Court found that because Defendant was served with the Statement of Damages on November 20, 2019, and the thirtieth day after that, December 20, 2019, was not a "legal holiday" or day on which the Clerk's Office was "inaccessible," Defendant's filing of the Notice of Removal on December 23, 2019, was untimely and rendered it procedurally defective. See 28 U.S.C. § 1446(b).

The Court stayed its order remanding the action to provide Plaintiff with an opportunity to object to the remand and waive the procedural defects. Specifically, Plaintiff was directed to inform the Court in writing by January 6, 2020, if Plaintiff objected to the remand. To date, despite the passage of the deadline set by the Court, Plaintiff has not waived the procedural defects.

On January 6, 2020, Defendant filed a "Request for Relief" from the Court's December 30, 2019 Minute Order. (Dkt. No. 12.) In its Request for Relief, Jeffrey M. Lenkov, attorney for Defendant, states that "[o]n October 19, 2019, [he] instructed [his] office to use [his] login information on [the] U.S.D.C. Central District ecf filing system website in order to file a Notice of Removal" in this case. (Id. ¶ 3.) He states his office "uploaded the Notice of Removal" and was "redirected to the filing fee payment page." (Id. ¶ 4.) "At approximately 2:01 p.m. on December 19, 2019, [his] office received an email from notification@pay.gov" confirming "that the filing fee of $400 was submitted." (Id. ¶ 4, Ex. A.) "On December 23, 2019, [Mr. Lenkov's] office used [his] login account information for the U.S.D.C. Central District ecf court docket website" and "saw that the Notice of Removal was not on the court docket." (Id. ¶ 5.) Mr. Lenkov's office then telephoned the Help Desk" and was told to re-upload the Notice of Removal." (Id.) Mr. Lenkov claims that the failure of Defendant's Notice of Removal to

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 19-10743 PA (Ex) | Date | January 8, 2020 |
|---|---|---|---|
| Title | Catherine Golden v. Michaels Stores, Inc. | | |

upload on December 19, 2019 was the "result of a system filing error, rather than any negligence on the part of [his] office." (Id. ¶ 6.)

First, the Court notes that Defendant's "Request for Relief" is procedurally improper. The proper procedure would have been for Defendant to file an ex parte application or noticed motion for reconsideration or relief under Federal Rules of Civil Procedure 59(e) and 60, not a "Request for Relief."

"[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [the time period permitted by that Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001) (internal citation omitted). The difference between a motion brought under Rule 59(e) and one brought under Rule 60(b) is one largely of timing rather than substance.

"Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. 'Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.'" Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam)). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id. (citing McDowell, 197 F.3d at 1255 n.1); see also Fed. R. Civ. P. 60(b).

Whether brought pursuant to Rule 59(e) or 60(b), reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Putting aside the procedural deficiencies in Defendant's request, Defendant has not raised a proper ground for reconsideration nor has he claimed excusable neglect. Accordingly, Plaintiff has failed to demonstrate that the extraordinary relief of reconsideration is warranted.

In addition, the Court finds that Mr. Lenkov would have received a Notice of Electronic Filing had the Notice of Removal been properly uploaded, as he did for both the Civil Cover Sheet and Certificate of Interested Parties. (See, e.g., Dkt. No. 2, Notice of Electronic Filing (confirming that Notice is electronically mailed to Mr. Lenkov at jml@manningllp.com).) The fact that he did not

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10743 PA (Ex) | Date | January 8, 2020 |
|---|---|---|---|
| Title | Catherine Golden v. Michaels Stores, Inc. | | |

receive a Notice of Electronic Filing should have put Mr. Lenkov on alert, prior to December 23, 2019, that the Notice of Removal was not properly filed. Finally, as the thirtieth day for Defendant to file its Notice of Removal was December 20, 2019, Mr. Lenkov or someone in his office could have checked the docket on December 20, 2019, seen that the Notice of Removal was not uploaded, and timely uploaded the Notice of Removal.

      Accordingly, the Court finds that Defendant's filing of the Notice of Removal on December 23, 2019, was untimely and rendered it procedurally defective. See 28 U.S.C. § 1446(b). Plaintiff having chosen not to waive the procedural defect, this action is remanded to the Los Angeles County Superior Court, Case No. 19STCV36496.

      IT IS SO ORDERED.